# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| CHARLES WALLACE BELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-cv-00172-JMB |
| CAPE GIRARDEAU COUNTY JAIL, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Charles Wallace Bell for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the motion, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73

(8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a self-represented litigant who is currently incarcerated at the Eastern Reception, Diagnostic, and Correctional Center in Bonne Terre, Missouri. At the time relevant to the complaint, however, he was a pretrial detainee at the Cape Girardeau County Jail. Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983, naming the Cape Girardeau County Jail as the sole defendant. (Docket No. 1 at 2-3).

The complaint concerns plaintiff's assertion that the Cape Girardeau County Jail wrongfully held him for three months "on a no bond parole warrant" that did not exist. (Docket No. 1 at 3). Specifically, plaintiff states that he "was released from parole" on May 16, 2021.

3

(Docket No. 1 at 5). Nevertheless, he "could not bond out because the Cape Girardeau County Jail would not update [their] system and let [him] bond." When his family came to bond him out, "the county refused." To support this claim, plaintiff has attached an August 19, 2021 letter from the Missouri Department of Corrections stating that "the Division of Probation and Parole [did] not currently have an active warrant for [him]." (Docket No. 1 at 12).

Plaintiff states that the Cape Girardeau County Jail "did not remove the parole warrant until" August 26, 2021. (Docket No. 1 at 5). He further states that on his "digital booking file there is a grievance acknowledging the [Cape Girardeau County Jail's] mistake." In all, plaintiff asserts that he was wrongly held without bond from May 16, 2021 to August 26, 2021.

As a result of this incident, plaintiff states that he suffered mental stress and PTSD. He seeks $100,000 in damages for what he terms his "wrongful incarceration."

**Discussion**

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, alleging that the Cape Girardeau County Jail wrongfully held him on a non-existent "no bond warrant" between May 16, 2021 and August 26, 2021. Because he is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court must dismiss this action without prejudice.

**A. Cape Girardeau County Jail is Not Suable**

Plaintiff has named the Cape Girardeau County Jail as the lone defendant in this case. However, "county jails are not legal entities amenable to suit." *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). *See also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir.

2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). Because the Cape Girardeau County Jail is not a distinctly suable entity, the claim against it must be dismissed.

### B. Failure to State a Claim Against Cape Girardeau County

Even if plaintiff's claim is construed as being made against Cape Girardeau County, it is still subject to dismissal. A local governing body such as Cape Girardeau County can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, a municipality cannot be held liable merely because it employs a tortfeasor. *A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality…cannot be liable on a respondeat superior theory"). Rather, to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of Cape Girardeau County.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*,

486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (explaining that inadequate training may serve as the basis for 42 U.S.C. § 1983 liability only when "the failure to train amounts to deliberate indifference"). To show deliberate indifference, a plaintiff must prove that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). Ordinarily, this is done by a plaintiff alleging

a "pattern of similar constitutional violations by untrained employees." *See S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). In this case, plaintiff has not presented sufficient facts to demonstrate that he was harmed due to a Cape Girardeau County policy, custom, or failure to train.

First, with regard to policy, plaintiff's facts point to no "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [Cape Girardeau County's] governing body" as being at issue in this case. Certainly, he has not alleged that being held on a "no bond warrant" was the result of "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." Beyond his failure to directly allege the existence of an unconstitutional policy, plaintiff has also failed to present sufficient facts to support the proposition that such a policy exists. Instead, he has described only a single occurrence when the Cape Girardeau County Jail mistakenly held him on a "no bond warrant." However, the Court cannot infer the existence of an unconstitutional policy or custom from a single occurrence. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991).

Second, with regard to an unofficial custom, plaintiff has not established the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by [Cape Girardeau County] employees," much less that county officials were deliberately indifferent to or tacitly authorized such misconduct. That is, he has not presented facts indicating that other inmates were also wrongly held in the jail on non-existent "no bond warrant[s]," thereby showing widespread

behavior that would put Cape Girardeau County on notice. Instead of a pattern, plaintiff portrays only his own experience. One occurrence of an inmate being wrongly held on a "no bond warrant" does not amount to a "persistent pattern."

Third, and similarly, plaintiff has not adequately alleged that Cape Girardeau County has been deliberately indifferent in failing to train or supervise its employees. To show deliberate indifference, plaintiff must prove that the county "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." Typically, this is done by a plaintiff alleging a "pattern of similar constitutional violations by untrained employees." As discussed above, plaintiff has made no effort to allege a pattern of constitutional violations.

Finally, to assert a municipal liability claim under 42 U.S.C. § 1983, plaintiff must demonstrate the existence of an underlying constitutional violation. *See Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (concluding that there could be no § 1983 or *Monell* liability on the part of a police chief and city because plaintiff's constitutional rights had not been violated by a law enforcement officer); *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 470 (8th Cir. 2010) (agreeing with the district court that plaintiffs' failure to train and supervise claims "could not be sustained absent an underlying constitutional violation by the officer"); and *Sanders v. City of Minneapolis, Minn.*, 474 F.3d 523, 527 (8th Cir. 2007) ("Without a constitutional violation by the individual officers, there can be no § 1983 or *Monell*…municipal liability").

Here, plaintiff states that he was wrongly held on a "no bond warrant" because the Cape Girardeau County Jail failed to update its system. He does not allege this was an intentional act, but a mistake. In other words, he appears to be alleging that his warrant status was incorrect due to negligence on the part of the jail. Negligence, however, does not amount to a constitutional violation. *See Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2472 (2015) (stating that "liability for

negligently inflicted harm is categorically beneath the threshold of constitutional due process"); and *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (stating that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property").

For all of these reasons, plaintiff has failed to state a claim against Cape Girardeau County. Therefore, the claim against the county must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 9th day of February, 2022.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE